## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**GLOBAL MARINE EXPLORATION, INC.,**

    **Plaintiff,**

**v.**                                                   **Case No. 4:20-cv-181-AW-MJF**

**REPUBLIC OF FRANCE,**

    **Defendant.**

_____/

## <u>ORDER DENYING POSTJUDGMENT MOTIONS</u>

Concluding that it lacked jurisdiction under the Foreign Sovereign Immunities Act, the court granted France's motion to dismiss. ECF No. 29. GME then moved for amended or additional facts findings (ECF No. 32) and for an order altering or amending the judgment (ECF No. 33). This order denies both motions.

## I.

GME first asks for amended or additional fact findings pursuant to Rule 52(b). "The purpose of [Rule 52(b) motions] is to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." *Johnson v. New Destiny Christian Ctr. Church, Inc.*, 771 F. App'x 991, 995 n.5 (11th Cir.), (alteration in original) (quoting *Fontenot v. Mesa Petrol. Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986)), *cert. denied,* 140 S. Ct. 523 (2019); *see also* 9C Arthur R. Miller, *Federal Practice and Procedure* § 2571 (3d ed.).

GME identifies no manifest error in the facts I relied on in dismissing its case. Nor does it explain why any of the facts it says I should recognize would have any bearing on the case. For example, GME disputes whether the Jean Ribault's fleet was a "French Royal Navy Fleet" or military property (ECF No. 32 at 6-7), but I found neither fact dispositive as to the ultimate conclusion about jurisdiction.

In short, GME has not shown any basis for amended or additional fact findings.

## II.

GME also seeks an amended or altered judgment under Rule 59(e). In asking a court to reconsider its judgment, a defendant cannot "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). In fact, the "only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alteration in original) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).

GME does not meet this standard. GME's disagreement with the order's legal analysis is insufficient to support a motion to reconsider. Most of GME's argument rehashes cases already discussed in the initial briefing. *See* ECF No. 33 at 6-7, 9, 11.

And to the extent GME introduces new cases, they are not new in the sense that they could not have been raised earlier.

Finally, after the order issued and GME filed its motions, the Supreme Court issued a new opinion concerning the FSIA. *Federal Republic of Germany v. Philipp*, 141 S. Ct. 703 (2021). Though *Philipp* concerns a different FSIA provision, it cautions against taking an expansive reading of the FSIA. *See id.* at 714 ("We interpret the FSIA as we do other statutes affecting international relations: to avoid, where possible, producing friction in our relations with [other] nations and leading some to reciprocate by granting their courts permission to embroil the United States in expensive and difficult litigation." (alteration in original) (internal quotation omitted)).

**III.**

GME's Motion for Amended or Additional Findings (ECF No. 32) and Motion to Alter or Amend (Reconsider) Judgment (ECF No. 33) are DENIED. The case remains closed.

SO ORDERED on March 8, 2021.

s/ *Allen Winsor*
United States District Judge